UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL DAVID MEKEALIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>D. BLYTHE, et al.,<br><br>    Defendants. | Case No. 23-cv-06108-JSW<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE** |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se at Salinas Valley State Prison ("SVSP"), filed this civil rights case under 42 U.S.C. § 1983 against officials at the Pelican Bay State Prison (where he was formerly housed), "sending and receiving institutions," and "CDCR agencies." He is granted leave to proceed in forma pauperis in a separate order.

For the reasons discussed below, certain claims are dismissed, and the complaint is ordered served on certain Defendants based on the retaliation claim that is, when liberally construed, cognizable.

## ANALYSIS

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
2    claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
3    statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon
4    which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although
5    in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
6    obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and
7    conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
8    Factual allegations must be enough to raise a right to relief above the speculative level." *Bell
9    Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint
10   must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

11   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)
12   that a right secured by the Constitution or laws of the United States was violated, and (2) that the
13   alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*,
14   487 U.S. 42, 48 (1988).

15   **B.    LEGAL CLAIMS**

16   Plaintiff complains about his transfer from SVSP to PBSP. The transfer in and of itself is
17   not actionable under Section 1983 because prisoners have no constitutional right to incarceration
18   in a particular institution, *see Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983), and their liberty
19   interests are sufficiently extinguished by their conviction that the state may generally confine or
20   transfer them to any of its institutions, to prisons in another state or to federal prisons, without
21   offending the Constitution, *see Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985). Plaintiff's
22   allegations that the transfer disrupted his contact with his family, prison employment and
23   education programs, and recreation, that it caused a loss of property, and other changes to his
24   circumstances does not state a cognizable claim for relief.

25   Plaintiff alleges his transfer to PBSP placed him in danger at the hands of other inmates.
26   The failure of prison officials to protect inmates from attacks by other inmates at the prison
27   violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is,
28   objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent

1  to inmate safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To the extent he alleges the
2  transfer placed him in danger at the hands of other inmates, the transfer could implicate his Eighth
3  Amendment rights,

4        The Complaint has several problems, however.  Plaintiff does not allege actions by the
5  defendants PBSP Warden or PBSP Associate Warden, or other facts about them, that provide a
6  basis upon which they may be held liable.  Under no circumstances is there respondeat superior
7  liability under section 1983, meaning under no circumstances is there liability solely because these
8  Defendants are the supervisors or superiors of subordinate officials who were deliberately
9  indifferent to Plaintiff's safety.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Rather,
10 liability may be imposed on defendants under 42 U.S.C. § 1983 only if Plaintiff can show that
11 their actions or omissions caused the deprivation of his federally protected rights.  *See Lemire v.*
12 *Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013).  He does not
13 allege how the PBSP Warden and Associate Warden were involved in his transfer from SVSP, or
14 how they knew this would put him in danger or otherwise violate his constitutional rights.
15 Plaintiff has not stated a cognizable claim against these Defendants.

16       Plaintiff's claims against the state prisons and state agencies, including the California
17 Department of Corrections and Rehabilitation, are barred buy the Eleventh Amendment.
18 "Longstanding Supreme Court precedent has interpreted th[e Eleventh] Amendment to immunize
19 states from suit in federal court by citizens and noncitizens alike."  *Kohn v. State Bar of Cal.*, 87
20 F.4th 1021, 1025 (9th Cir. 2023) (en banc).  Eleventh Amendment immunity generally extends to
21 suits against a state agency as an arm of the state.  *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d
22 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison
23 Terms entitled to 11th Amendment immunity).

24       Plaintiff's requests for injunctive relief from the conditions at PBSP are moot because
25 Plaintiff was returned to SVSP before he filed this case.

26       Plaintiff will be given leave to file an amended complaint to state a cognizable claim for
27 relief by alleging actions or omissions by each individual Defendant that plausibly show they were
28 deliberately indifferent to substantial risk of serious harm to Plaintiff, so as to violate his Eighth

3

Amendment rights, or that plausibly show they otherwise violated his other constitutional rights.

## CONCLUSION

For the reasons set out above,

1. The complaint is DISMISSED with leave to amend. Plaintiff shall file an amended complaint within **twenty-eight (28) days from the date this order is filed**. The amended complaint **must** include the caption and civil case number used in this order (No. C 23-6108 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case.</u>

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 18, 2024

JEFFREY S. WHITE
United States District Judge